98 F.3d 1357
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FINA RESEARCH S.A., Plaintiff-Appellant,
v.
BAROID DRILLING FLUIDS, INC., Defendant-Appellee,
and
Baroid Limited, and Henkel KGaA, Defendants.
 No. 96-1137.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1996.
 
 Before PLAGER, RADER, and BRYSON, Circuit Judges.
 DECISION
 BRYSON, Circuit Judge.
 
 
 1
 Appellant Fina Research S.A. (Fina) appeals from the dismissal of its complaint, in which it sought a declaratory judgment of patent invalidity and non-infringement. The United States District Court for the Northern District of Texas dismissed the complaint on the ground that there was no "case of actual controversy" between the parties, see 28 U.S.C. § 2201. We affirm.
 
 BACKGROUND
 
 2
 Fina Research S.A., a Belgian corporation, developed a product known as Finagreen, a mixture of vegetable-oil-based esters. Finagreen has been used as a component of oil drilling mud in the North Sea and in other foreign oil fields. In late 1993, Fina sought to explore the possibility of selling Finagreen in the U.S. market, and its U.S. representative contacted prospective customers to advise them about the availability of Finagreen.
 
 
 3
 Shortly after the Fina representative began contacting potential U.S. customers, he received a letter from attorney William Johnson, representing appellee Baroid Drilling Fluids, Inc. (Baroid Drilling). The letter read as follows, in pertinent part:
 
 
 4
 Our firm represents Baroid Drilling Fluids, Inc. "Baroid" in its various intellectual property matters. Baroid and the Henkel Corporation together own all right, title and interest in U.S. Patent Nos. 5,232,910 [the '910 patent] and 5,252,554 [the '554 patent], copies of which are enclosed for your ease of reference.
 
 
 5
 In your faxed letter of October 1, 1993 to Baroid, a copy of which is also enclosed, you indicate your company's intention to introduce FINAGREEN into the United States to be used as a drilling fluid.
 
 
 6
 Please be advised that Baroid considers FINAGREEN, if introduced into the United States, to be an infringement of one or both of the subject patents. Baroid, in cooperation with Henkel, intends to vigorously protect and enforce its rights in the subject patents, including the filing of suit if necessary.
 
 
 7
 Fina's counsel responded to Johnson's letter with a letter explaining that in Fina's view Finagreen did not infringe the two patents to which Johnson referred. Fina's counsel argued in the letter that Finagreen is not a drilling mud, but a staple item of commerce having substantial non-infringing uses, and that it therefore could not directly infringe the two referenced patents. In a second letter, Johnson responded that Fina had advocated the use of Finagreen in drilling mud. For that reason, he stated, "[i]t is our considered opinion that ... FINA is actively inducing the infringement of one or both of the subject patents under 35 U.S.C. 271(b) and may very well be held to be a contributory infringer under 35 U.S.C. 271(c)." Johnson added that "[y]our client should be aware that Baroid has every intention of protecting its rights under these patents."
 
 
 8
 After receiving the Johnson letters, Fina suspended its efforts to sell Finagreen in the United States, claiming that it was doing so because of fear of a lawsuit by Baroid Drilling. When a meeting between representatives of the parties in March 1994 did not result in a settlement of the dispute over the infringement issue, Fina filed a complaint against Baroid Drilling, seeking a declaratory judgment that the sale of Finagreen in the United States "does not directly infringe nor contributorily infringe nor induce infringement of the patents in suit," and that the patents are invalid and unenforceable.
 
 
 9
 Baroid Drilling moved to dismiss the complaint on the ground that there was no "case of actual controversy" within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2001. In its answer and in a memorandum supporting its motion to dismiss, Baroid Drilling stated that it did not own any interest in the two patents in suit and therefore could not bring suit against Fina on those patents. Fina then moved to join the owners of the two patents, Baroid Limited of Scotland (Baroid Limited) and Henkel KGaA of Germany (Henkel). The motion to join was granted, but before the two new defendants had entered an appearance in the case, the district court held a hearing on Baroid Drilling's motion to dismiss.
 
 
 10
 Shortly before the hearing, Baroid Drilling offered a stipulation that it would not bring an action in any U.S. court against Fina for direct or contributory infringement "based on the sale of FINAGREEN alone"; that it would not bring an action for inducement of infringement against Fina "based on the mere advertising and selling of FINAGREEN in the United States"; and that it would not bring an action against Fina for infringement of the '554 patent "based on the manufacture, use or sale of a drilling fluid having only the FINAGREEN ester mixture as the oil phase of the drilling fluid."
 
 
 11
 At the hearing on the motion to dismiss, counsel for Baroid Drilling disclaimed the threat of suit made in the letter that had been sent by Johnson, Baroid Drilling's prior counsel. Counsel for Baroid Drilling then argued that there was no actual controversy between the parties, because the sale of Finagreen alone could not infringe the two patents in suit. He explained that the patents were for drilling muds, and that Finagreen was not a drilling mud but simply a combination of esters that could be used for purposes other than in drilling fluids. Counsel for Fina responded that even if Baroid Drilling agreed not to sue Fina, Baroid Drilling's stipulation did not encompass an agreement not to sue any customers who purchased Finagreen for use in drilling mud, and that the threat of suits against such customers was sufficient to discourage Fina from entering the U.S. market.
 
 
 12
 The district court granted the motion to dismiss the complaint. The court found that Fina had taken steps to engage in activity that would arguably constitute infringement, but the court found that Fina was not faced with a threat of suit by the patentees. It was not enough to establish a "case of actual controversy," the court explained, that Fina was concerned that the patentees might bring suit against customers who might in the future purchase Finagreen for use in drilling mud. The court therefore entered an order dismissing the complaint against Baroid Drilling Fluids, Inc., without prejudice.
 
 DISCUSSION
 
 13
 Counsel for Baroid Drilling represents to us, as he did in the district court, that although Baroid Drilling is related to Baroid Limited, Baroid Drilling has no legal interest in the patents in suit that would entitle Baroid Drilling to bring suit on the patents. Counsel for Fina did not challenge that representation in the district court and has not done so here. We therefore accept the representation that Baroid Drilling cannot sue Fina or anyone else on the patents. For that reason it is clear that there is no "case of actual controversy" between Fina and Baroid Drilling, and that the district court was correct in dismissing Fina's declaratory judgment complaint against Baroid Drilling.
 
 
 14
 The problem in this case is that it is not clear whether, at the time the district court dismissed the complaint, Fina had properly served Baroid Limited and Henkel, the owners of the patents in suit. Indeed, it is not clear whether Baroid Limited and Henkel have ever been properly served, although Fina's counsel reports that attempts have been made to serve both. The record reflects that Fina sought to serve both Henkel and Baroid Limited by serving copies of the complaint on the registered agent of Baroid Drilling Fluids, Inc. It is questionable whether that procedure constituted valid service for purposes of Rule 4, Fed.R.Civ.P. The validity of the attempted service is particularly questionable with regard to Henkel. So far as the record reflects, the only attempt at service on Henkel was through the registered agent of Baroid Drilling in Texas, and a representative of Baroid Drilling's parent corporation filed an affidavit, unrebutted in the record, that Baroid Drilling "is not the agent of Henkel KgaA and has no authority to accept service of process on Henkel's behalf." On this state of the record, we simply do not know whether Baroid Limited and Henkel have ever formally been brought into the lawsuit as parties.
 
 
 15
 In light of the fact that the record does not establish that Baroid Limited and Henkel had been properly served and made parties by the time of the district court's dismissal order, we conclude that the district court committed no error when it dismissed the complaint against Baroid Drilling and did not specify a disposition with regard to the other two putative defendants. We therefore affirm the dismissal of the complaint as to the only party that has been shown to be a party-defendant at the time of the dismissal order.
 
 
 16
 We wish to make clear that we do not address or resolve any possible dispute between Fina and the patent owners, Baroid Limited and Henkel. The representations made in district court by counsel for Baroid Drilling, including counsel's disclaimer of the Johnson letters, do not bind Henkel or Baroid Limited. Any possible dispute between Fina and the patent owners may therefore be quite different in complexion from the dispute that Fina alleged it had with Baroid Drilling. For that reason, we do not prejudge the disposition of any further proceedings between Fina and the patent owners. If Fina wishes to file a new lawsuit against Baroid Limited and Henkel, or if it wishes to move in the district court to reopen the case as to those parties (if they in fact were ever properly served), our disposition of this appeal should not be treated as prohibiting it from doing so. Rather, we leave it to the experienced district judge to determine how to deal with any such efforts on Fina's part.